CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

FEB 26  4 35 PM '04

FILED

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID A. BECKERMAN, | : | DOCKET NO. |
| Plaintiff, | : | |
| v. | : | 3:01 CV 2143 (SRU) |
| | : | |
| M. HIDARY & CO., INC., | : | |
| Defendant. | : | |
| | : | February 25, 2004 |

### AFFIDAVIT OF RICHARD H. WYRON

I, Richard H. Wyron, being first duly sworn, hereby depose and state:

1. I am over the age of 18 and believe in the obligation of an oath.

2. I am a partner in the law firm of Swidler Berlin Shereff Friedman, LLP ("Swidler"). Swidler represented David Beckerman in connection with the bankruptcy proceedings filed by Starter Corporation ("Starter") and certain affiliates (collectively, the "Debtors") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Following the effective date of the Debtors' Second Amended Joint Plan of Liquidation, As Modified (the "Plan"), Swidler represented the Plan Administrator appointed by the Bankruptcy Court in disposing of those assets and paying those allowed claims for which he was responsible.

3. I submit this affidavit in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment.

4. I have personal knowledge of the facts contained herein.

5. A true and accurate copy of Starter's Voluntary Petition Under Chapter 11, dated April 19, 1999, as filed with the Bankruptcy Court, is attached hereto as Exhibit A.

6. In connection with the Chapter 11 proceedings, Starter and the other Debtors filed a motion with the Bankruptcy Court seeking authority to sell certain assets under the terms of a proposed asset purchase agreement, subject to higher and better offers. Under procedures approved by the Bankruptcy Court, the Debtors sought bids for the assets they wished to sell and conducted an auction (the "Auction"). The Debtors advised the Bankruptcy Court that they had determined that the bid submitted at the Auction by Schottenstein/SC Acquisition, L.L.C. (and in the case of certain inventory, Value City Department Stores, Inc.) (collectively, the "Purchaser") (a/k/a "New Starter") was the highest and best offer for the assets to be sold. The Court entered its "Order (i) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Encumbrances, Subject to the Terms of Asset Purchase Agreement, (ii) Authorizing and Approving Asset Purchase Agreement, and Authorizing Debtors to Consummate All Related Transactions," dated July 14, 1999 (the "Sale Approval Order"), which approved

of the sale of assets to the Purchaser. A true and accurate copy of the Sale Approval Order is attached hereto as Exhibit B.

7.  The Plan was confirmed by the Bankruptcy Court and became effective in May 2000. The Plan provides that certain claims held by Mr. Beckerman were allowed and were to be paid from the proceeds remaining after the Plan Administrator had sold or otherwise liquidated certain assets and paid certain claims.

8.  In October 2001, all rights to collect royalties due to the Debtors or their estates (or due to the Plan Administrator under the Plan) from certain licensees, including M. Hidary & Company, Inc., were assigned to Mr. Beckerman in partial satisfaction of his allowed claims against the bankruptcy estates. A true and accurate copy of the Bankruptcy Court's "Order Approving Final Distribution, Terminating the Plan Administrator's Duties and Responsibilities and Closing His Portion of the Estate" dated October 10, 2001, which authorized and approved of the Assignment Agreement attached thereto under which the rights to collect royalties due from the designated licensees (among other rights) were assigned to Mr. Beckerman, is attached hereto as Exhibit C.

_____
Richard H. Wyron

SUBSCRIBED AND SWORN TO before me this 25th day of February 2004.

_____
Katherine Ann Swall, Notary Public
in and for the District of Columbia

My Commission Expires October 31, 2007

3