IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID A. BECKERMAN, : | DOCKET NO. |
| Plaintiff, : | |
| v. : | 3:01 CV 2143 (SRU) |
| M. HIDARY & CO., INC., : | |
| Defendant. : | |
| M. HIDARY & CO., INC., : | |
| Third-Party Plaintiff, : | |
| v. : | |
| OFFICIAL STARTER, LLC, : | |
| Third-Party Defendant. : | February 26, 2004 |

**LOCAL RULE 56(a)2 STATEMENT**

In accordance with local Rule 56(a)(2), the plaintiff hereby responds to the Defendant's Local Rule 56(a) statement as follows:

1. Admitted.

2. Admitted.

3. Admitted that the parties entered into an Addendum to the Licensing Agreement in June of 1998 that provided Hidary the right to use the Trademarks on active wear and school products.

4. Admitted.

5. Plaintiff admits that Paragraph 18.1 of the Licensing Agreement provides that "this Agreement will terminate automatically, without any notice or action being

required of Licensor or Licensee, if Licensee or Licensor files a petition in bankruptcy or is adjudicated bankrupt or insolvent…"

      6.     Admitted.

      7.     Admitted.

      8.     Admitted.

      9.     Admitted that on July 14, 1999, Starter entered into an Asset Purchase Agreement with an entity known as New Starter, LLC and transferred some of Starter's assets to New Starter on the closing date of July 29, 1999.

      10.    Denied. See Bankruptcy Order approving Asset Purchase Agreement, Wyron Aff., ¶6, Ex. B, Letendre Aff., Ex. D.

      11.    Denied. Letendre Aff., Ex. C. The Trademark Assignment Agreement is unsigned by the parties.

      12.    Admitted that on July 14, 1999, the Bankruptcy Court approved the Asset Purchase Agreement and assignment of the Trademarks to New Starter.

      13.    Admitted.

      14.    Denied. See Bankruptcy Order approving Asset Purchase Agreement, Wyron Aff., ¶6, Ex. B., Letendre Aff., Ex. D.

      15.    Denied. Id.

      16.    Admitted that Don Stapleton issued a memo dated August 8, 1999 concerning royalties. Plaintiff disputes Mr. Stapleton's authority to issue such a memo and the validity of the position taken therein concerning royalties. See Letendre Aff., ¶25, Ex. G..

17.     Plaintiff cannot admit or deny the reasons Hidary sent to Starter its last royalty report covering the period July 1-28, 1999.  Plaintiff admits receiving the report.

18.     Plaintiff denies knowledge that Hidary paid royalties on Starter Licensed products to Official Starter after July 28, 1999, but states that the royalties were not paid to Starter.  Letendre Aff., ¶23.

19.     Plaintiff admits that Starter was involved in a lawsuit with Soundview in conjunction with the Starter bankruptcy.

20.     Denied.  Letendre Aff. ¶25, Ex. G.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

**Disputed Issues of Material Fact**

1.      Whether the Asset Purchase Agreement with Official Starter included the License Agreement with Hidary and the royalties due thereunder.  The Bankruptcy Order approving the Asset Purchase agreement excluded the License Agreement and royalties payable under such agreement from the assets that were transferred to Official Starter.  Letendre Aff., Ex. D.

2.      Whether Soundview was acting as Starter's agent when it directed Hidary to make royalty payments to Official Starter.  Soundview was discharged as Starter's agent by order of the Bankruptcy Court.  Letendre Aff., ¶25, Ex. G.

3. Whether the Trademark Assignment Agreement attached to the Asset and Purchase Agreement was ever executed. Letendre Aff., Ex. C.

4. Whether Starter's rejection of the License Agreement with Hidary in the bankruptcy proceeding constituted a material breach of such agreement.

5. Whether Beckerman made an actual waiver of his rights to collect from Hidary.

6. Whether Hidary spent the required amount on advertising of Starter Licensed products under the Licensing Agreement.

          THE PLAINTIFF, DAVID A. BECKERMAN

By: _____
    J. Daniel Sagarin, CT 02489
    David A. Slossberg, CT13116
    Brian C. Fournier, CT 16272
    Hurwitz & Sagarin, LLC
    147 N. Broad Street
    Milford, CT 06460
    Telephone: 203-877-8000

**CERTIFICATE OF SERVICE**

This is to certify that on February 26, 2004, a true and correct copy of the foregoing was mailed, first class mail, postage prepaid, to:

Evan S. Weintraub, Esq.
Wachtel & Masyr, LLP
110 East 59th Street
New York, NY 10022

Edward Labaton, Esq.
Goodkind Labaton Rudoff
 & Sucharow LLP
100 Park Avenue
New York, NY 10017

Elizabeth A. DiRusso
Wallman & Dirusso, LLC
Official Starter, LLC
750 Summer Street
Stamford, CT 06901

_____
Brian C. Fournier