**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____
|                                        |                          |
| DAVID A. BECKERMAN,          :       | DOCKET NO.               |
|                  Plaintiff,      :       | 3:01 CV 2143 (SRU)       |
| v.                               :       |                          |
|                                  :       |                          |
| M. HIDARY & CO., INC.,          :       |                          |
|                  Defendant.      :       |                          |
| _____ :     |                          |
| M. HIDARY & CO., INC.,          :       |                          |
|                                  :       |                          |
|         Third-Party Plaintiff,   :       |                          |
| v.                               :       |                          |
|                                  :       |                          |
| OFFICIAL STARTER, LLC,          :       |                          |
|                                  :       |                          |
|         Third-Party Defendant.   :       | February 26, 2004        |
| _____:       |                          |

**LOCAL CIVIL RULE 56(a)1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

In accordance with local Rule 56(a)(1), the plaintiff hereby submits that there is no genuine issue to be tried as to the following facts:

1.	On or about May 2, 1997, Starter entered into a licensing agreement with Hidary that granted Hidary the right to use certain Trademarks of Starter in connection with its sale and distribution of apparel.  Letendre Aff., Ex. A.

2.	The Agreement between Starter and Hidary was effective until December 31, 2000.  Id.

3. In June of 1998, the parties entered into an Addendum to the Licensing Agreement that provided Hidary the right to use the Trademarks on active wear and school products. Letendre Aff., Ex. B.

4. Pursuant to the Licensing Agreement, Hidary agreed to pay Starter a royalty of eight percent on all net sales by Hidary of authorized products bearing the Starter Trademarks. Letendre Aff., Ex. A.

5. On April 19, 1999, Starter filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. Wyron Aff., Ex A.

6. On July 14, 1999, Starter entered into an Asset Purchase Agreement with an entity known as New Starter, LLC and transferred some of Starter's assets to New Starter on the closing date of July 29, 1999. Letendre Aff., Ex. C.

7. The Asset Purchase Agreement was negotiated prior to confirmation of the Bankruptcy Plan. Letendre Aff. ¶8.

8. The Asset Purchase Agreement was drafted with the intention that the Purchaser would take over the license agreements, including the Hidary Agreement that is the subject of this action. Letendre Aff. ¶9.

9. During the negotiations, the Purchasers decided not to purchase the License Agreements and asked that they be excluded from the sale. Letendre Aff. ¶10.

10. On or about July 14, 1999, the Bankruptcy Court approved the sale of certain of Starter's assets to Official Starter, subject to the terms of the Asset Purchase Agreement. The license agreements were not included in the Asset Purchase Agreement, nor were the rights to collect royalties thereon. Letendre Aff., Ex. D.

11. Starter was permitted to use the trademarks for limited purposes following the closing on the Asset Purchase Agreement, including selling inventory at the Outlet stores and collecting royalties on the licensing agreements. Letendre Aff. ¶12-14.

12. In order to permit Starter to sell inventory on hand and in process, the bankruptcy court approved a Non-Exclusive License Agreement pursuant to which Starter could continue to use the trademarks for limited purposes. Letendre Aff., ¶13, Ex. E.

13. Prior to the Starter Bankruptcy, Soundview Licensing acted as Starter's agent and was a party to the licensing agreement with Hidary. Subsequent to the bankruptcy filing, Soundview was discharged as Starter's agent. The Licensing Agency Agreement between Starter and Soundview Licensing was rejected by Order of the Bankruptcy Court effective July 29, 1999. Letendre Aff., ¶25.

14. After July 28, 1999, Hidary did not pay to Starter royalties on Starter Licensed products. Letendre Aff. ¶23.

15. Hidary did not make any payments to Starter for advertising shortfalls due under the License Agreement. Letendre Aff. ¶24.

16. On October 10, 2001, the right to collect royalties due on the licensing agreements including the License Agreement with Hidary was transferred to David Beckerman in settlement of his claims against the bankruptcy estate. Wyron Aff., Ex. C, Letendre Aff., ¶20, Ex. F.

17. On November 14, 2001, Beckerman filed this lawsuit against Hidary, within five weeks of being assigned the rights to collect royalties on the License Agreements. *See* Complaint.

THE PLAINTIFF, DAVID A. BECKERMAN

By: _____
J. Daniel Sagarin, CT 02489
David A. Slossberg, CT13116
Brian C. Fournier, CT 16272
Hurwitz & Sagarin, LLC
147 N. Broad Street
Milford, CT  06460
Telephone:  203-877-8000

## CERTIFICATE OF SERVICE

This is to certify that on February  26, 2004, a true and correct copy of the foregoing was mailed, first class mail, postage prepaid, to:

Evan S. Weintraub, Esq.
Wachtel & Masyr, LLP
110 East 59th Street
New York, NY  10022

Edward Labaton, Esq.
Goodkind Labaton Rudoff
 & Sucharow LLP
100 Park Avenue
New York, NY 10017

Elizabeth A. DiRusso
Wallman & Dirusso, LLC
Official Starter, LLC
750 Summer Street
Stamford, CT 06901

_____
Brian C. Fournier