IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID A. BECKERMAN,<br><br>      Plaintiff,<br><br>- v -<br><br>M. HIDARY & CO., INC.<br><br>      Defendant. | DOCKET NO. 301 CV 2143  (SRU) |
| M. HIDARY & CO., INC.,<br><br>      Third-Party Plaintiff,<br><br>- v -<br><br>OFFICIAL STARTER, LLC,<br><br>      Third-Party Defendant. | |

**AFFIDAVIT OF BENTON E. KRANER IN SUPPORT OF
DEFENDANT AND THIRD-PARTY DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

STATE OF OHIO   )
          )  ss.:
COUNTY OF FRANKLIN )

  BENTON E. KRANER, being duly sworn, deposes and says:

  1. I am a Director of third-party defendant Official Starter, LLC ("Official Starter") in the above-entitled action. I submit this affirmation in support of the motion for summary judgment on behalf of defendant M. Hidary & Co., Inc. ("Hidary") and Official

Starter. I am fully familiar with the facts set forth herein based upon my own personal knowledge and upon a review of the files in my possession.

  2. A true and correct copy of the U.S. Trademark Assignment Agreement dated July 29, 1999 between Starter Corp. ("Starter") and Official Starter, is annexed hereto as Exhibit A.

  3. A true and correct copy of the U.S. Trademark Assignment Agreement dated July 29, 1999 between Starter Galt, Inc. and Official Starter, is annexed hereto as Exhibit B.

  4. A true and correct copy of the U.S. Trademark Assignment Agreement dated July 29, 1999 between Starter Outlet Stores, Inc. and Official Starter, is annexed hereto as Exhibit C.

  5. An unsigned version of these agreements was annexed to the Asset Purchase Agreement (the "Asset Purchase Agreement") dated July 14, 1999 between Starter, Starter Galt, Inc., Starter Outlet Stores, Inc. and Starter Delaware, Inc. as Seller and Schottenstein/SC Acquisition LLC and Value City Department Stores, Inc. as Exhibit E and titled "Assignment of Trademarks and Service Marks." (See Weintraub Decl.[1], Ex. F). Official Starter recently located a fully executed copy of these agreements, and, therefore, is submitting this affidavit.

---

[1] References to the "Weintraub Decl." are to the Declaration of Evan Weintraub, Esq. dated November 20, 2003 and submitted along with the Motion for Summary Judgment on behalf of Hidary and Official Starter.

6.      Each of the Trademark Assignment Agreements provides in relevant part that:

> [Starter and its affiliates] hereby sell, assign, transfer, set over and deliver to [New Starter], [Starter's] entire right, title and interest in and to the [Trademarks], along with the goodwill of [Starter's] business in connection with which the [Trademarks] are used, free and clear of any Encumbrance, and assign to and authorize [New Starter] to file or prosecute in its name, applications, all countries, the same to be held and enjoyed by [New Starter], its successors, assigns, nominees or legal representatives, to the full end of the term or terms for which said [Trademarks] may be registered, as fully and entirely as the same would have been held and enjoyed by [Starter] had this assignment, sale and transfer not been made, <u>together with income, royalties, damages, or payments due on the date hereof [July 29, 1999] or thereafter</u>, including, without limitation, all claims for damages or payments by reason of infringement or unauthorized use of the [Trademarks], with the right to sue and collect for same for [Starter's] own use and enjoyment . . .

(See, Exhibits A, B and C annexed hereto) (emphasis added).

7.      By virtue of Exhibits A, B and C, Starter transferred to Official Starter all of its rights with respect to the Trademarks, including but not limited to the right to collect royalty payments due on and after July 29, 1999. As a result, Beckerman had no right to collect all these payments two and one-half years later.

8.      Shortly thereafter, Official Starter's designee, Parthenon Capital, and Don Stapleton, the President of Starter's agent under its licensing agreements, notified all licensees, including Hidary, to transmit royalty payments for sales made on or after July 29, 1999 to Official Starter. (See, Weintraub Decl., Ex.'s H and I).

9. Accordingly, summary judgment is proper and Beckerman's claim should be dismissed.

                                                _____
                                                BENTON E. KRANER

Sworn to before me this \_\_\_\_
day of March 2004

_____
Notary Public