IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID A. BECKERMAN,<br><br>    Plaintiff,<br><br>- v -<br><br>M. HIDARY & CO., INC.<br><br>    Defendant.<br><br>M. HIDARY & CO., INC.,<br><br>    Third-Party Plaintiff,<br><br>- v -<br><br>OFFICIAL STARTER, LLC,<br><br>    Third-Party Defendant. | DOCKET NO. 301 CV 2143 (SRU) |

## LOCAL CIVIL RULE 56(a)2 STATEMENT

In accordance with local Rule 56(a)(2), defendant M. Hidary & Co., Inc. ("Hidary") and third-party defendant Official Starter, LLC ("Official Starter") hereby respond to plaintiff's Local Rule 56(a) statement as follows:

  1. Admit the allegations contained in paragraph 1 of plaintiff's Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried (hereinafter, "plaintiff's Rule 56(a)(1) Statement").

  2. Admit that the License Agreement, by its terms, was to be effective until December 31, 2000, but affirmatively allege that as a result of the rejection approved by

the Bankruptcy Court on July 14, 1999, it was terminated (and breached) by Starter as of April 18, 1999.

3.  Admit the allegations contained in paragraph 3 of plaintiff's Rule 56(a)(1) Statement and state that Hidary prepaid Starter $400,000 toward future royalties. As of April 20, 1999, the prepayment credit substantially exceeded $25,000.

4.  Respectfully refer this Court to the License Agreement for the terms contained therein. (See Weintraub Decl. Ex. A).[1]

5.  Admit the allegations contained in paragraph 5 of plaintiff's Rule 56(a)(1) Statement.

6.  Deny the allegations set forth in paragraph 6 of plaintiff's Rule 56(a)(1) Statement, except admit that on July 14, 1999, Starter entered into an Asset Purchase Agreement (the "Asset Purchase Agreement") with an entity then known as New Starter LLC ("New Starter") and now known as Official Starter, pursuant to which substantially all of the assets of Starter were transferred to New Starter (including but not limited to the Starter trademarks) on the closing date, July 29, 1999. (See, Weintraub Decl., Ex. F).

7.  Admit the allegations contained in paragraph 7 of plaintiff's Rule 56(a)(1) Statement.

8.  Deny the allegations contained in paragraph 8 of plaintiff's Rule 56(a)(1) Statement. The Asset Purchase Agreement, including the exhibits annexed thereto, provided that Official Starter acquired all rights associated with Starter's trademarks, including but not limited to the right to collect royalties and other payments due on the

---

[1] References to the "Weintraub Decl." are to the Declaration of Evan Weintraub, Esq. dated November 20, 2003 and submitted along with the Motion for Summary Judgment on behalf of Hidary and Official Starter.

license agreements from and after July 29, 1999. (See, Weintraub Decl., Ex. F, Kraner Aff.[2], Ex.'s A, B and C).

9.   Deny the allegations contained in paragraph 9 of plaintiff's Rule 56(a)(1) Statement and state that early drafts of the Asset Purchase Agreement contemplated an assignment of the license agreements by Starter and assumption of those agreements by Official Starter. However, in lieu thereof, Starter rejected the license agreements (see, Weintraub Decl., Ex. F), sold all of its trademarks to Official Starter and assigned all rights associated with said trademarks to Official Starter including but not limited to the right to collect past royalties due as of July 29, 1999 and future royalties. (See Weintraub Decl., Ex. F, Kraner Aff., Ex.'s A, B and C).

10.  Admit that on or about July 14, 1999, the Bankruptcy Court approved the Asset Purchase Agreement. (See, Weintraub Decl., Ex. G). Deny that the right to collect royalties was not included in the Asset Purchase Agreement. Pursuant to the Trademark Assignment Agreement annexed to and made a part of the Asset Purchase Agreement as Exhibit E, and delivered on the closing date, July 29, 1999, Starter executed an assignment to Official Starter which stated, in relevant part that:

> [Starter and its affiliates] hereby sell, assign, transfer, set over and deliver to [New Starter], [Starter's] entire right, title and interest in and to the [Trademarks], along with the goodwill of [Starter's] business in connection with which the [Trademarks] are used, free and clear of any Encumbrance, and assign to and authorize [New Starter] to file or prosecute in its name, applications, in all countries, the same to be held and enjoyed by [New Starter], its successors, assigns, nominees or legal representatives, to the full end of the term or terms for which said [Trademarks] may be registered, as fully

---

[2]   References to the "Kraner Aff." are to the Affidavit of Benton E. Kraner, sworn to on March 26, 2004 in Support of the Motion for Summary Judgment on behalf of Hidary and Official Starter.

>and entirely as the same would have been held and enjoyed by [Starter] had this assignment, sale and transfer not been made, **together with income, royalties, damages, or payments due on the date hereof [July 29, 1999] or thereafter**, including, without limitation, all claims for damages or payments by reason of infringement or unauthorized use of the [Trademarks], with the right to sue and collect for same for [Starter's] own use and enjoyment . . .

(Weintraub Decl., Ex. F, Kraner Aff., Ex.'s A, B and C)[3] (emphasis added).

    11.    Deny the allegations contained in paragraph 11 of plaintiff's Rule 56(a)(1) Statement, except admit that pursuant to the Non-Exclusive License Agreement, Starter was granted a limited right to use the trademarks in connection with the sale of its inventory and operation of Starter's retail outlet stores.

    12.    Admit the allegations contained in paragraph 12 of plaintiff's Rule 56(a)(1) Statement.

    13.    Admit the allegations contained in paragraph 13 of plaintiff's Rule 56(a)(1) Statement.

    14.    Admit the allegations contained in paragraph 14 of plaintiff's Rule 56(a)(1) Statement.

    15.    Deny that there were any advertising shortfalls due under the License Agreement. Additionally, Hidary affirmatively alleges that even if there were shortfalls, no moneys are due to Starter because of (a) the terms of the Trademark Assignment Agreement (see, Weintraub Decl., Ex. F, Kraner Aff., Ex.'s A, B and C; and (b) Starter

---

[3] An unsigned version of the Trademark Assignment Agreement was annexed to the Asset Purchase Agreement as Exhibit E. Official Starter could not locate a signed copy of the Asset Purchase Agreement at the time that the Motion for Summary Judgment was filed. However, a signed version of that agreement was subsequently located and is annexed to the Kraner Affidavit as Ex.'s A, B and C, which is submitted along with this statement.

could not perform its obligations under the license agreement. (see, Memorandum of Law in Support of Motion for Summary Judgment, point IV).

16.     Deny the allegations contained in paragraph 16 of plaintiff's Rule 56(a)(1) Statement, except admit that on or about October 10, 2001, the Bankruptcy Court ordered the quitclaim assignment to Beckerman of certain accounts receivables, tax refunds and miscellaneous assets of Starter pursuant to an Assignment Agreement. (See, Weintraub Decl., Ex. K).

17.     Admit the allegations contained in paragraph 17 of plaintiff's Rule 56(a)(1) Statement.

WACHTEL & MASYR, LLP


By: _____
      Evan S. Weintraub
Admitted Pro-Hac Vice
Attorneys for Third-party Defendant
Official Starter, LLC
110 East 59th Street
New York, New York 10022
Tel. (212) 909-9500
CT 23444

GOODKIND LABATON RUDOFF
& SUCHAROW LLP


By:_____
      Edward Labaton
Admitted Pro-Hac Vice
Attorneys for Defendant
M. Hidary & Co., Inc.
100 Park Avenue
New York, New York  10017
Tel. (212) 907 – 0700
CT23784